UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     PHILLIP E. BARNARD, JR. | ) | Case No. 06-11515-SSM |
| | ) | Chapter 13 |
|               Debtor | ) | |
| | ) | |
| CHI CHIU | ) | |
| | ) | |
|               Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PHILLIP E. BARNARD, JR. | ) | |
| | ) | |
|            Respondent | ) | |

**MEMORANDUM OPINION AND ORDER
CONDITIONING AUTOMATIC STAY**

      A hearing was held in open court on February 7, 2007, on the motion filed by Chi Chiu for relief from the automatic stay in order to prosecute an unlawful detainer action for possession of real property located at 9619 Cinnamon Creek Drive, Vienna, Virginia. The movant was present in person and was represented by counsel. The debtor appeared by telephone and represented himself.

      The debtor, Phillip E. Barnard, Jr., who describes himself in the papers filed in this case as an entrepreneur, filed a voluntary petition in this court on November 14, 2006, for adjustment of his debts under chapter 13 of the Bankruptcy Code. This was the fourth bankruptcy case the debtor has filed in this court in the last seven years. He received a discharge in a chapter 7 case that was filed on May 3, 2000. Thereafter, he filed a chapter

13 case on November 18, 2004, which he voluntarily dismissed on April 26, 2005, after Mr. Chiu filed a motion for relief from the automatic stay. The dismissal order specifically noted that the debtor was ineligible under § 109(g)(2), Bankruptcy Code, to file another case for 180 days. The debtor nevertheless filed a chapter 7 case some two months later on June 29, 2005. That case was dismissed on Mr. Chiu's motion on September 26, 2005, with prejudice to any further filing through January 2, 2006.[1]

Prior to the filing of the present case, Mr. Chiu had brought an action for unlawful detainer against the debtor in the General District Court of Fairfax County, Virginia, seeking possession of the 9619 Cinnamon Creek drive property and a money judgment for $15,000 in unpaid rent.[2] On the schedule of liabilities filed by the debtor, Chi Chiu is listed as a creditor holding what the debtor characterizes as an "unliquidated" claim for $39,864.00. Mr. Chiu has not filed a proof of claim, but has until the claims bar date, March 19, 2007, to do so. The debtor's proposed plan, filed on December 14, 2006, was confirmed on January 26, 2007, after the only objection (by the chapter 13 trustee) was withdrawn. Under the plan, the debtor is to pay the chapter 13 trustee $100 per month for 3 months, followed by

---

[1] The debtor took an appeal of the dismissal order, but the appeal was dismissed by the United States District Court for failure to comply with procedural requirements. The United States Trustee had brought an adversary proceeding objecting to the debtor's discharge because he had previously received a chapter 7 discharge in a case filed within the previous six years and because the petition falsely stated that the debtor had not filed a prior bankruptcy case. That adversary proceeding was dismissed as moot after the underlying bankruptcy case was dismissed.

[2] A statutory 5-day notice to quit or pay rent attached to the unlawful detainer summons asserts unpaid rent in the amount of $6,600 for July, August, and September, plus $28,864 due under a prior settlement agreement, for a total of $35,464. In his bill of particulars, Mr. Chiu explains that he was limiting his money judgment demand to the $15,000.00 jurisdictional limit of a Virginia general district court.

$836.19 for 57 months. After payment of the trustee's statutory commission, allowed unsecured claims would be paid pro rata, with the estimated distribution being 100 cents on the dollar.

There is no dispute that the monthly rent is $2,200.00 and that the debtor has made no rent payments since filing the present case.[3] The debtor justifies his failure to do so on the ground that Mr. Chiu has not properly credited a $4,400.00 payment he says he made in August 2006. If so, however, the result is simply to reduce the amount of Mr. Chiu's prepetition claim. Put another way, the debtor cannot unilaterally apply pre-petition payments (whether or not they have been credited by the landlord) against rent payments becoming due post-petition. Thus, unless the post-petition default can be promptly cured, the landlord is entitled to relief from the automatic stay in order to obtain possession of the premises.[4]

The debtor represents that he is able to promptly cure the post-petition rent defaults. The rent that has become due post-petition is $2,200.00 a month for December 2006, January 2007, and February 2007, or a total of $6,600.[5] The court makes no ruling on the

---

[3] The motion for relief from stay asserts that the original lease under which the debtor occupies the property has expired and that the debtor is a month-to-month tenant.

[4] Mr. Chiu would not of course be entitled to relief from the stay based on the prepetition default when that claim is being addressed through a confirmed chapter 13 plan. *See Chevy Chase Bank v. Locke*, 227 B.R. 68 (E.D. Va. 1998) (holding that confirmation, without objection by creditor, of chapter 13 plan valuing automobile at $8,200 and paying creditor $180 per month for 56 months was res judicata with respect to creditor's subsequent relief from stay motion alleging that it was not adequately protected.)

[5] When a debtor files a bankruptcy petition in the middle of a month, there is a conflict in the reported cases as to whether the prorated rent for the remainder of that month is a prepetition or post-petition claim. While this court has sometimes applied a different rule in
(continued...)

present limited record as to whether the landlord has a claim for late charges or attorney's fees and will reserve determination of that issue for the status hearing set by this order. In any event, relief from the stay will be denied, conditioned upon the debtor's payment, no later than February 20, 2007, of post-petition rent in the amount of $6,600, and on timely payment of rent becoming due on and after March 1, 2007.

It is, accordingly,

**ORDERED:**

1. The automatic stay is continued in full force and effect, conditioned on (a) the debtor's payment of $6,600.00 by cashier's check or certified check payable to Chi Chiu and delivered (so as to be <u>received</u>) to Mr. Chiu's attorney, Jonathan Gelber, Esquire, 3917 Old Lee Highway, Suite 13A, Fairfax, Virginia 22030, not later than **5:00 p.m. on February 20, 2007**; and (b) the debtor's timely payment to Mr. Chiu of $2,200 per month by money order, cashier's check, or certified check beginning March 1, 2007, and on the first day of each succeeding month.

2. If the $6,600 payment is not timely received, Mr. Chiu may file with the court an affidavit by Mr. Gelber that the funds were not timely received, and may tender with the affidavit a proposed order modifying the automatic stay to permit Mr. Chiu to

---

[5](...continued)
the case of a commercial lease, this court has traditionally treated the entire month's rent that became due prepetition on an ordinary residential lease as a prepetition claim. The court sees no reason to vary from its prior holdings in this case. Accordingly, for the purpose of the present motion, the unpaid November rent will be treated as a prepetition claim and should be included in any proof of claim filed by Mr. Chiu.

prosecute an action for possession, and, if he is so advised, for post-petition rent.[6] A copy of the affidavit and proposed order shall be mailed to the debtor and to the chapter 13 trustee at or before the time it is filed with the court. Unless, within **five business days** of the mailing of the affidavit, the debtor files a counter-affidavit disputing the failure to make the payment, the court may enter the order without further notice or hearing. The provisions of Rule 9006(f) providing an additional three days where service of the affidavit is made by mail shall not apply. If a timely and sufficient affidavit is filed, the court will resolve the factual dispute at the status hearing set by this order.

      3. If any payment becoming due on or after March 1, 2007, has not been received by Mr. Chiu by the fifth calendar day (or if that day is a Sunday or Federal holiday, the next day that is not a Sunday or Federal holiday) after the due date, Mr. Chiu may file with the court, and serve on the debtor and the chapter 13 trustee, an affidavit reciting the failure to receive payment and may tender with the affidavit a proposed order terminating the automatic stay. Unless, within five business days of the mailing of the affidavit, the debtor files a counter-affidavit disputing the failure to make the payment, the court may

---

[6] Enforcement of any money judgment for post-petition rent may, however, be stayed unless this court grants further relief for that purpose. *See Bellini Imports, Ltd. v. Mason & Dixon Lines, Inc.* 944 F.2d 199, 201 (4th Cir. 1991) (explaining that a suit against the debtor on a post-petition claim is not subject to the automatic stay, although the enforcement of any resulting judgment against property of the estate is); *Montclair Prop. Owners Ass'n v. Reynard (In re Reynard)*, 250 B.R. 241 (Bankr. E.D. Va. 2000) (Mayer, J.) (holding that no relief from stay was needed for home owners association to demand and sue for post-petition fees; but relief would be needed to enforce any resulting judgment against property of the estate, including post-petition earnings in a chapter 13 case); *but see In re Leavell* 190 B.R. 536 (Bankr. E.D. Va. 1995) (St. John, J.) (holding that garnishment of chapter 13 debtor's post-confirmation wages for post-petition debt did not violate the automatic stay where wages not subject to garnishment were sufficient to make plan payment).

enter the order without further notice or hearing.  The provisions of Rule 9006(f) providing an additional three days where service of the affidavit is made by mail shall <u>not</u> apply.  If a timely and sufficient counter-affidavit is filed, the court will set the matter for a prompt hearing.

       4.  A status hearing shall be held on **March 7, 2007, at 9:30 a.m.**, to determine the debtor's compliance with this order and to resolve any remaining issues (other than the amount of Mr. Chiu's prepetition claim).[7]

       5.  The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____         _____
Alexandria, Virginia         Stephen S. Mitchell
       United States Bankruptcy Judge

---

[7] In order to have an allowed claim, Mr. Chiu must file a proof of claim by the claims bar date.  Once filed, the claim is allowed unless a party in interest (such as the debtor or the trustee) objects.  If an objection is filed, the court will hold an evidentiary hearing to determine the amount of the claim.

Copies to:

Jonathan Gelber, Esquire
Law Offices of Jonathan Gelber, PLLC
3917 Old Lee Highway, Suite 13A
Fairfax, VA  22030
Counsel for the movant

Phillip E. Barnard, Jr.
P.O. Box 9861
McLean, VA 22102
Debtor *pro se*

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee